Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
**WOODBURY LAW**
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
Telephone (702) 933-0777
Facsimile (702) 933-0778
rwoodbury@wmb-law.net
jpeel@wmb-law.net

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WOODBURY LAW, LTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking association; BANK OF NEW YORK MELLON CORPORATION, a Delaware corporation; BAC HOME LOANS SERVICING, LP, a Texas limited partnership; THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; SELECT PORTFOLIO SERVICING, INC., a Utah corporation; ANDREW S. LAI, an individual; DOES 1-100; ROE ENTITIES 1-100.<br><br>Defendants.<br><br>AND ALL RELATED MATTERS | Case No.  2:15-cv-02247<br><br>**APPLICATION<br>AND<br>ORDER<br>FOR EXTENSION OF TIME TO SERVE DEFENDANT ANDREW S. LAI BY PUBLICATION PURSUANT TO FRCP 4(m) AND NRCP 4(e)(1)**<br><br>**(First Request)** |

Plaintiff WOODBURY LAW, LTD. ("Plaintiff"), by and through its undersigned attorneys,

hereby submits this Ex Parte Application and Proposed Order for Extension of Time to Serve Defendant Andrew S. Lai by Publication (this "Application") pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") and Rule 4(e)(1) of the Nevada Rules of Civil Procedure ("NRCP"). This Application is made and based upon the pleadings and papers on file herein, the points and authorities hereinafter set forth, the attached affidavit of counsel, and any argument that the Court may entertain should a hearing be required. This Application is being submitted *ex parte* without stipulation by Defendant ANDREW S. LAI ("LAI") because Plaintiff, despite diligent, good faith efforts demonstrated in the Affidavit of Rodney S. Woodbury, Esq. attached hereto as Exhibit 1, has been unable to locate LAI.

## I.

## POINTS AND AUTHORITIES

**A.  Statement of Facts.**

The following facts are supported by the Affidavit of Rodney S. Woodbury, Esq. attached hereto as Exhibit 1.

Plaintiff (formerly known as Woodbury, Morris & Brown) provided extensive legal services in various capacities to Defendant LAI over several years from approximately 2004 to 2009. In or about May of 2009, Defendant LAI failed to respond to or otherwise communicate with Plaintiff for several months in spite of repeated attempts to contact him and regular delinquency notices and demands sent to his attention.

Neither Plaintiff nor the undersigned knows the whereabouts of Defendant LAI and upon information and belief, Defendant LAI has fled the state and possibly also the country and cannot, therefore, after due diligence be found within the state. LAI has either departed from the state or has concealed himself to avoid service of process.

Plaintiff obtained a judgment against Defendant LAI in 2009 for unpaid legal fees and is currently the owner of Defendant LAI's last known address located at 1999 Alcova Ridge Drive, Las Vegas, Nevada 89135 (the "Property"). Plaintiff executed on the judgment and obtained title to the Property from Defendant LAI via sheriff's sale.

Since acquiring ownership of the Property in January 2010, Plaintiff has continuously been

in possession of the Property and has engaged a property manager and maintenance crews who regularly visit the Property and report back to Plaintiff and the undersigned. Neither the property manager nor the maintenance crews have ever seen nor heard from LAI since Plaintiff acquired ownership, nor have neighbors in the vicinity of the Property with whom they have had periodic conversations. Red Rock Country Club Homeowners Association (the "HOA"), the association that manages the guard-gated community in which the Property is located, also carefully tracks occupants of and visitors to the Property and has never reported seeing nor hearing from LAI since Plaintiff acquired ownership. The undersigned also periodically visits and inspects the Property and has never seen nor heard from LAI since Plaintiff acquired ownership. LAI also has not paid any utilities charges, HOA assessments, or any other Property-related expenses since abandoning the Property in 2009. Furthermore, LAI has never responded to numerous summonses and other legal notices posted on the Property since 2009. Therefore, Plaintiff and the undersigned are 100% certain that Defendant LAI no longer resides at the Property.

On or about May 21, 2015, two months prior to filing the Complaint in the instant action, online searches were performed by the staff of Plaintiff's counsel on whitepages.com and switchboard.com. Those searches revealed a property address for an Andrew S. Lai in Houston, Texas. On May 22, 2015, counsel's staff requested the assistance of Professional Civil Process of Houston, Texas to attempt service on LAI in a prior case (U.S. District Court Case No. 2:15-cv-00603-JCM-GWF). On June 17, 2015, personal service was effected on that Andrew S. Lai at his place of employment located at 5800 Ranchester, Ste. 200, Houston, Texas 77036. On or about July 2, 2015, Plaintiff's counsel received a letter from Attorney Craig Corsini of Lai, Corsini & Lapus, LLC in Houston, Texas, stating that the Andrew S. Lai served on June 17, 2015 was the wrong Andrew S. Lai and that that Mr. Lai (whose full name is Andrew Saintan Lai) has no connection whatsoever to any of the facts or events in the complaint.

Since that time, additional online searches have again been performed by counsel's staff on whitepages.com and switchboard.com. However, none of these has been successful in revealing any new address information for Defendant LAI, instead only producing the same erroneous address in Houston, Texas previously discovered in May 2015.

The staff of Plaintiff's counsel has also performed extensive searches of Clark County Assessor's and Clark County Recorder's records and reviewed page after page of real property records associated with the last name Lai. However, none of those searches has successfully turned up a current address for Defendant LAI.

Additionally, counsel's staff has performed drivers license and vehicle registration searches with the Nevada Department of Motor Vehicles, none of which has revealed any drivers license records or vehicle registrations for Defendant LAI.

Plaintiff and the undersigned have also attempted to communicate with Defendant LAI's son Austin Lai and his former spouse Yachin Shih in an effort to obtain LAI's current contact information. However, neither of them has responded.

LAI also has numerous unsatisfied liens and judgments of record against him in Clark County, Nevada, including, without limitation a judgment of over $2.5 million in favor of Bank of George, a judgment of over $6 million in favor of the FDIC as receiver for Community Bank of Nevada, a judgment of over $7 million in favor of FNBN Properties II, LLC, a judgment of almost $150,000 in favor of the Ned Gershenson Family Trust and the Susan Karahalis Trust, a judgment of over $14 million in favor of MB REO-NV Industrial, LLC, and a judgment of almost $800,000 in favor of the United States of America, These liens and judgments, totaling over $30 million in principal alone, further evidence the likelihood that Defendant LAI has fled the state and possibly the country and is in any case evading all contact and service of legal process.

As the foregoing demonstrates, Plaintiff has diligently attempted to locate and serve Defendant LAI without success. Plaintiff submits that it has met the requisite due diligence requirement under FRCP 4(m) and that good cause therefore exists for this Court to extend the time for Plaintiff to serve Defendant LAI via publication.

**B.    It Is Within the Sound Discretion of this Court to Grant Plaintiff Additional Time to Effect Service on LAI, and Good Cause Exists for Doing So.**

In pertinent part, FRCP 4(m) provides:

If a defendant is not served within 120 days after the complaint if filed, the court–on motion or on it own after notice to the plaintiff– must dismiss the action without prejudice against that defendant **or order that service be made within a specified time**. But **if the plaintiff shows good cause for the failure, the court**

**must extend the time for service for an appropriate period**. . . .

(emphasis added).

Federal courts have construed the service rules liberally to permit plaintiffs additional time for service where reasonable but unsuccessful efforts have been made. As the District Court of Nevada has noted, "Congress intended that a plaintiff who had made **reasonable efforts** to effect service would be permitted additional time . . . ." <u>Arroyo v. Wheat</u>, , 102 F.R.D. 516, 518 (D. Nev. 1984) (construing former Rule 4(j) and finding that "good cause" exists for extension of time where the plaintiff's service efforts have been bona fide, and there was no dilatory or willful delay) (emphasis added). The <u>Arroyo</u> court also noted that "[i]t was not intended that [former] Rule 4(j) would be enforced harshly; that is why **liberal extensions** of time are permitted under Rule 6(b)." <u>Id.</u> (emphasis added).

Nevada's federal court has also determined that

> The Court "has **broad discretion** to extend time for service under Rule 4(m)." In considering whether to grant an extension, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"

<u>Carr v. Int'l Game Technology</u>, 770 F.Supp.2d 1080 (D. Nev. 2011) (concluding that the plaintiffs should be granted an extension of time to effect service where the statute of limitation had not yet run and there would be no prejudice to the defendants) (internal citations omitted; emphasis added). <u>See also</u> <u>Lane v. Wells Fargo Bank, N.A.</u>, 2012 WL 4792914, at *3 (D. Nev. 2012).

Plaintiff filed its original Complaint in state court on August 14, 2015, and its First Amended Complaint (ECF No. 4) after the case was removed to this Court on December 9, 2015. Plaintiff is suing Defendant LAI to obtain Quite Title to the Property. Despite Plaintiff's best and numerous attempts to locate and serve Defendant LAI, Plaintiff has been unable to do so within the 120-day period prescribed by FRCP 4(m).

Nevertheless, as the Statement of Facts in Part I.A *supra* and the Affidavit of Rodney S.. Woodbury, Esq. attached hereto as <u>Exhibit 1</u> amply demonstrate, good cause exists to grant Plaintiff an extension to effect proper service on LAI by publication. Plaintiff has made extensive efforts to locate LAI since 2009 when he abandoned the Property. Plaintiff sent regular

delinquency notices and demands to LAI's attention in 2009 without response. Plaintiff obtained a judgment against LAI in 2009 without LAI's opposition or appearance, then executed on the judgment and obtained title to the Property in January 2010, again without LAI's opposition. Neither Plaintiff nor its property manager, maintenance crews, neighbors, or the HOA has ever seen or heard from LAI since Plaintiff acquired ownership, despite Plaintiff's continuous possession of the Property and numerous site visits, inspection, and inquiries. LAI has not paid any Property-related expenses nor ever responded to numerous summonses and other legal notices posted on the Property since 2009. Plaintiff's numerous online searches for LAI on whitepages.com and switchboard.com have been unfruitful, as has its searches of the Clark County Assessor's records, the Clark County Recorder's records, and DMV's drivers license and vehicle registration records. Plaintiff's attempts to locate LAI through his son Austin Lai and his former spouse Yachin Shih have also been unsuccessful. Upon information and belief, LAI has either fled the state and possibly the country or has concealed himself to evade service of process, a fact that is bolstered by the over $30 million in liens and judgments of record against LAI in Clark County, Nevada alone.

Plaintiff respectfully submits that the foregoing constitutes more than reasonable efforts to locate and serve LAI, without any dilatory or willful delay, sufficient to show good cause for an extension under FRCP 4(m). *See Arroyo*, 102 F.R.D. at 518. Moreover, the statute of limitations has not yet run and there will therefore be no prejudice to LAI if an extension is granted. *See Carr*, 770 F.Supp.2d at 1080; *Lane*, 2012 WL 4792914, at *3.

**C.     This Court Should Grant Plaintiff's Request to Serve LAI by Publication.**

FRCP 4(e)(1) provides that an individual like LAI "may be served within a judicial district of the United States . . . by following state law for serving a summons in an action brought in courts of general jurisdiction within the state where the district court is located or where service is made . . . ." NRCP 4(e)(1)(i) in turn states, in pertinent part:

> In addition to methods of personal service, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, . . . that he is a necessary or proper party to the action, such court or

Page 6 of 8

judge may grant an order that the service be made by the publication of summons.

Thus, this Court has the authority to order service of Defendant LAI by publication.

As demonstrated hereinabove, Defendant LAI has not, despite Plaintiff's due diligence, been found in the State of Nevada and, upon information and belief, resides out of the state or has departed from the state or is concealing himself to avoid service. All attempts to locate and serve LAI have been fruitless, very costly, and time consuming. Plaintiff has shown extensive due diligence in its numerous attempts to locate and serve Defendant LAI. And LAI is a necessary and proper party to Plaintiff's Quiet Title action since he was the former owner of the Property and may still claim an estate or interest therein.

Plaintiff has made every reasonable effort required by FRCP 4 and NRCP 4 to personally serve Defendant LAI. Accordingly, Plaintiff respectfully requests an extension of time for at least eight (8) additional weeks from the date hereof to serve Defendant LAI by publication pursuant to NRCP 4(e)(1), since publication must be effected over a period of at least four (4) consecutive weeks.

/ / /

/ / /

/ / /

## II.

## **CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Application by:

1. Extending the time for Plaintiff to serve Defendant LAI for a period of eight (8) weeks from the date of entry of this Order;

2. Granting Plaintiff leave to serve Defendant LAI by publication of summons in accordance with NRCP 4(e)(1), said publication to be made in the Nevada Legal News for a period of four (4) weeks, and at least once a week during said time.

DATED this 7th day of April, 2016.        **WOODBURY LAW**

/s/ *Rodney S. Woodbury*
_____
Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
50 S. Stephanie Street, Suite 201
Henderson, NV 89012
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

Dated this 11th day of April, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

Page 8 of 8