1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9  WOODBURY LAW, LTD.,                        )
                                             )        Case No. 2:15-cv-02247-APG-NJK
10            Plaintiff(s),                    )
                                             )
11  vs.                                       )        ORDER
                                             )
12  BANK OF AMERICA, NATIONAL                 )
    ASSOCIATION, et al.,                      )
13                                            )
              Defendant(s).                   )
14  _____ )

15        "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

16  disregarded by counsel without peril.  The district court's decision to honor the terms of its binding

17  scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case.

18  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon

19  course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations,*

20  *Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted).  "The use of orders

21  establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the

22  orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no

23  one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).  A request to extend

24  deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the

25  extension.  Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09.  The good cause inquiry focuses

26  primarily on the parties' diligence.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.

27  2000).  Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the

28  diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

1    Pending before the Court is a stipulation to extend various deadlines by a whopping 180 days,

2  or equivalent to restarting the discovery clock completely.  Docket No. 36 at 2; *see also* Local Rule 26-

3  1(b)(1) (establishing presumptively reasonable discovery period of 180 days).  Despite this case being

4  only a few weeks away from the discovery cutoff, the parties have engaged in no discovery of any kind

5  beyond providing initial disclosures.  *See* Docket No. 36 at 2.  Instead, it appears that the parties made

6  a decision not to engage in discovery while they discussed potential settlement and await a decision on

7  the pending motion to dismiss, which has not yet been fully briefed in light of the numerous stipulations

8  to extend briefing.  *See, e.g.*, *id.* at 2-3.  Because these circumstances are devoid of the required showing

9  of diligence, the Court hereby **SETS** a hearing on the stipulation for 3:30 p.m. on May 16, 2016, in

10  Courtroom 3B.

11    IT IS SO ORDERED.

12    DATED: May 10, 2016

13    _____

14    NANCY J. KOPPE
      United States Magistrate Judge