1  WRIGHT, FINLAY & ZAK, LLP
   Dana Jonathan Nitz, Esq.
2  Nevada Bar No. 00050
   Sean N. Payne, Esq.
3  Nevada Bar No. 13216
   7785 W. Sahara Ave, Suite 200
4  Las Vegas, NV 89117
   (702) 475-7964; Fax: (702) 946-1345
5  esmith@wrightlegal.net
6  spayne@wrightlegal.net
7  *Attorneys for Defendants, Bank of New York Mellon, fka The Bank of New York, as Trustee, on
   behalf of the holders of the Alternative Loan Trust 200559, Mortgage Pass-Through Certificates,*
8  *Series 2005-59 (incorrectly named as Bank of New York Mellon Corporation, a Delaware
   Corporation and The Certificateholders CWALT, Inc. Alternative Loan Trust 2005-59 Mortgage*
9  *Pass-Through Certificates, Series, 2005-59,an entity), Select Portfolio Servicing, Inc., and*
10 *National Default Servicing Corporation*

11                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
12

13 | WOODBURY LAW, LTD., a Nevada | Case No.:  2:15-cv-02247-APG-NJK |
   | professional corporation,, | |
14 | | |
   |                   Plaintiff, | |
15 |              vs. | **EMERGENCY MOTION FOR** |
   | | **PROTECTIVE ORDER RELATING TO** |
16 | | **THE RULE 30(B)(6) DEPOSITIONS** |
   | BANK OF AMERICA, NATIONAL | **NOTICED BY PLAINTIFF** |
17 | ASSOCIATION,  a national banking association; | |
   | BANK OF NEW YORK MELLON | |
18 | CORPORATION, a Delaware Corporation; BAC | |
   | HOME LOANS SERVICING, LP,  a Texas | |
19 | limited partnership; THE | |
   | CERTIFICATEHOLDERS CWALT, INC. | |
20 | ALTERNATIVE LOAN TRUST 2005-59 | |
   | MORTGAGE PASS-THROUGH | |
21 | CERTIFICATES, SERIES 2005-59, an entity; | |
   | ALTERNATIVE LOAN TRUST 2005-59 | |
22 | MORTGAGE PASS-THROUGH | |
   | CERTIFICATES, SERIES 2005-59, an entity; | |
23 | NATIONAL DEFAULT SERVICING | |
   | CORPORATION, an Arizona corporation; | |
24 | SELECT PORTFOLIO SERVICING, INC., a | |
   | Utah corporation; ANDREW S. LAI, an | |
25 | individual; DOES 1-100; ROE ENTITIES 1-100, | |
26 | | |
27 | | |

28                   Defendants.

1  _____

2        Defendants Bank of New York Mellon, fka The Bank of New York, as Trustee, on behalf

3  of the holders of the Alternative Loan Trust 200559, Mortgage Pass-Through Certificates, Series

4  2005-59 (incorrectly named as Bank of New York Mellon Corporation, a Delaware Corporation

5  and The Certificateholders CWALT, Inc. Alternative Loan Trust 2005-59 Mortgage Pass-

6  Through Certificates, Series, 2005-59,an entity) ("BONY Mellon"), Select Portfolio Servicing,

7  Inc. ("SPS"), and National Default Servicing Corporation ("NDSC") (collectively,

8  "Defendants"), herby moves this Court for a protective order pursuant to F.R.C.P. 26(c) to

9  relieve Defendants of their obligation to produce witnesses for the three depositions Woodbury

10 Law, LTD. ("Plaintiff") has scheduled on the last day of discovery, July 29, 2016.

11        Given that the depositions are noticed for July 29, 2016, Defendants respectfully request

12 the Court to hear this matter on a shortened basis because a hearing set in the ordinary course

13 will not be heard before the date and time set for the depositions.

14

15        **CERTIFICATION OF COUNSEL PURSUANT TO LR 26-7 & LR 7-4**

16        I, Sean N, Payne, Esq., hereby declare as follows:

17  1.  I have personal knowledge of the matters contained herein, except for those matters

18       stated upon information and belief, and I am competent to testify as to the matters stated

19       herein.

20  2.  I am an attorney licensed to practice law in the State of Nevada, am an attorney with

21       Wright Finlay & Zak, LLP, and am one of the attorneys representing Defendants Bank of

22       New York Mellon, fka The Bank of New York, as Trustee, on behalf of the holders of the

23       Alternative Loan Trust 200559, Mortgage Pass-Through Certificates, Series 2005-59

24       (incorrectly named as Bank of New York Mellon Corporation, a Delaware Corporation

25       and The Certificateholders CWALT, Inc. Alternative Loan Trust 2005-59 Mortgage Pass-

26       Through Certificates, Series, 2005-59, an entity) ("BONY Mellon"), Select Portfolio

27       Servicing, Inc. ("SPS"), and National Default Servicing Corporation ("NDSC")

28       (collectively, "Defendants").

3.  I make this Declaration in support of Defendants' Emergency Motion for Protective Order Relating to the Rule 30(b)(6) Depositions Noticed by Plaintiff.

4.  On January 25, 2016, this Court entered its (first) Scheduling Order, which set the close of discovery date as May 30, 2016.

5.  On May 20, 2016, and in response to a stipulated request to extend the deadline for discovery, this Court entered a revised (second) Scheduling Order, which extended the close of discovery date to July 29, 2016.

6.  On June 8, 2016, Defendants served, via United States Mail, on Plaintiff's counsel (i) Defendants' First Set of Interrogatories to the Plaintiff; (ii) Defendants' First Set of Requests for Production of Documents to the Plaintiff; and (iii) Defendants' First Set of Requests for Admissions to the Plaintiff.

7.  On June 30, 2016, Defendants served their Notice of Taking Deposition of Woodbury Law, LTD., which scheduled the deposition of Plaintiff's Rule 30(b)(6) witness to take place on July 15, 2016 at 10:30 a.m. at the office of Defendants' counsel.

8.  To date, Plaintiff has not served a single written discovery request on BONY Mellon, SPS, or NDSC.

9.  On July 12, 2016, at approximately 2:46 p.m., counsel for Plaintiff, Rodney Woodbury, Esq., sent me an e-mail requesting an extension of time to respond to our written discovery requests.

10. In response, I notified Mr. Woodbury that his responses were already past due, as they were due July 11, 2016, and as a result that Defendants' Requests for Admissions were therefore deemed admitted pursuant to F.R.C.P. 36(a)(3).

11. Further, I declined his request for an extension in light of the upcoming deposition we had scheduled of Plaintiff.

12. On July 13, 2016, at approximately 4:30 p.m., my office was served with Plaintiff's Responses to Defendants' First Set of Requests for Admissions via hand delivery.

13. Also on July 13, 2016, at approximately 4:30 p.m., my office was served with separate Notices of Taking Rule 30(b)(6) Depositions of BONY Mellon, SPS, and NDSC, which

scheduled the depositions of all three parties on the last day of discovery, July 29, 2016, at 9:00 a.m., 10:30 a.m., and 1:00 p.m. Pursuant to LR 26-7(b), the three notices are attached hereto as **Exhibits A to C**.

14. On July 14, 2016, at approximately 2:00 p.m., I contacted Plaintiff's counsel to inquire about the responses to Defendants' additional written discovery requests – Interrogatories and Requests for Production of Documents.

15. These responses were not received until approximately 4:30 p.m. on July 14, 2016, and, as a result, we had to reschedule our deposition of Plaintiff's Rule 30(b)(6) witness to provide time to review Plaintiff's responses.

16. During the morning of July 15, 2016, I called Plaintiff's counsel and spoke with Mr. Woodbury to inform him that it was very unlikely my clients would be able to present witnesses for the depositions scheduled on July 29, 2016, in light of the short notice and the fact that we could not consider later dates without going beyond the close of discovery deadline, but nonetheless stated that I would confer with my clients for alternative dates.

17. On July 15, 2016 at 12:58 p.m., I emailed Mr. Woodbury and his associate, Jordan Peel, Esq., to inform Plaintiff's counsel that we could produce a witness for BONY Mellon and SPS on either July 19th, 20th, or 21st 2016, and further informed him that I had not secured any earlier dates that NDSC would be able to produce a witness at that time.

18. In response, Plaintiff's counsel stated that all of our proposed alternative dates were problematic, and proposed July 25, 2016.

19. After being notified that my clients could not produce a witness suitable to testify in this matter the week of July 25 – 29, 2016, because of other appearances, I proposed an additional date – July 22, 2016.

20. In response, Plaintiff's counsel stated that he would be out of town, and his associate, Mr. Peel, had other obligations on July 22, 2016.

21. Despite Defendants' best efforts, we could not agree on an alternative date prior to the deadline to complete discovery to conduct the depositions of Defendants' respective Rule

30(b)(6) witnesses.

22. In light of Plaintiff's failure to conduct any prior discovery during this litigation, coupled with Plaintiff's last-ditch effort to schedule depositions of all three defendants on the last possible day to conduct discovery, Defendants object to any additional extensions of the deadline to conduct discovery.

23. Pursuant to LR 7-4(a)(2), the following contact information is provided for the affected parties:

**WRIGHT, FINLAY & ZAK, LLP**
Edgar C. Smith, Esq.
Sean N. Payne, Esq.
7785 W. Sahara Ave, Suite 200
Las Vegas, NV 89117
(702) 475-7964
*Counsel for Defendants'*

**WOODBURY LAW**
Rodney S. Woodbury, Esq.
Jordan B. Peel, Esq.
50 S. Stephanie Street, Suite 201
Henderson, NV 89012
(702) 933-0777
*Counsel for Plaintiff*

24. Pursuant to LR 26-7(c), I have made a good faith attempt to confer with the other parties to resolve the dispute without court action.

25. Given the date set for the depositions, July 29, 2016, good cause exists to hear this Motion on shortened time.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of July, 2016.

Name: Sean N. Payne, Esq.
Title: Associate Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is the fourth forum Woodbury Law, LTD ("Plaintiff") has attempted to litigate its purported ownership interest in the real property located at 1999 Alcova Ridge Drive, Las Vegas, Nevada 89135 (the "Property). Plaintiff's alleged interest in the Property arises from a Sheriff's Certificate resulting from a 2009 auction wherein the law firm Woodbury, Morris, and Brown, Ltd. (not Woodbury Law, LTD) was the high bidder with a $250.00 bid. The Sheriff's Certificate of Sale was *never recorded* against the Property, nor was it converted to a deed. Notwithstanding these facts, Plaintiff purports to be the owner of the Property, valued at approximately $1,300,000, free and clear of BONY Mellon's recorded and properly perfected security interest, and without paying a dime towards the balance outstanding on the debt used to purchase the Property. Additionally, Plaintiff avers that it can somehow step into the shoes of Andrew Lai, the borrower under the Note and Deed of Trust, and bring claims against not only Defendants, but Andrew Lai as well, concerning the loan origination and servicing.

The current action has now been pending for almost a year, and notwithstanding a previous extension of the discovery deadline, Plaintiff has failed to conduct any discovery in this case. Now, as a last-ditch effort, Plaintiff seeks to depose the Rule 30(b)(6) witnesses for BONY Mellon, SPS, and NDSC back-to-back-back on the last day set for discovery, July 29, 2016, and with minimum notice. In response, Defendants' promptly notified Plaintiff's counsel that it was unable to produce witnesses on July 29, 2016, but offered four alternative dates – July 19, 20, 21, or 22, 2016 – all of which were rejected by Plaintiff. Moreover, the deposition notices include 39 separate topics, largely identical for one witness to the next, for which these witnesses are expected to be prepared as absolutely no effort was made by Plaintiff to limit the scope of these depositions through prior written discovery.

This Court should enter a protective order barring the noticed depositions from proceeding to put a halt on Plaintiff's unreasonable attempt to conduct a fishing expedition.

/ / /

/ / /

## II.     LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(c) permits a party to move for a protective order regarding discovery upon certification that the movant has in good faith attempted to confer with the other parties to resolve the dispute without court action.  Thereafter, the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1).  A protective order may include an order that the discovery not be had. *Id.*  In light of the instant facts, as laid out in the above certification of counsel pursuant to LR 26-7 and LR 7-4, this Court should enter a protective order barring Plaintiff's noticed depositions of the Rule 30(b)(6) witnesses for BONY Mellon, SPS, and NDSC that (1) creates an undue burden on these parties, (2) does not provide "reasonable" notice as required by Rule 30(b)(1) given the scope of the topics to be covered, and (3) is clearly an effort to annoy Defendants.

The initial Scheduling Order was entered in the instant action on January 25, 2016.  In the past six months, Plaintiff has made zero effort to conduct any discovery.  Moreover, Plaintiff has impeded Defendants' efforts to conduct its own discovery through its failure to timely respond to Defendants' written discovery requests, which were due July 11, 2016.[1]  Notably, after undersigned counsel notified Plaintiff on July 13, 2016, that Defendants' Requests for Admissions were deemed admitted pursuant to F.R.C.P. 36(a)(3), Plaintiff hand-delivered its Responses to Defendants' Requests for Admissions and concurrently served the three Notices of Depositions of the Rule 30(b)(6) witnesses for BONY Mellon, SPS, and NDSC.  These notices each include thirty-nine (39) separate and broad topics, and the depositions are scheduled for 9:00 a.m., 10:30 a.m., and 1:30 p.m.

By its own inactions, Plaintiff has failed to exhibit a desire to conduct discovery in this litigation.  This is buttressed by Plaintiff's failure to make any good-faith effort to elicit prior admissions or responses through written discovery, which would have narrowed the scope of the depositions.  Notwithstanding these facts, Defendants attempted to work with Plaintiff's counsel

---

[1] As a result of these late responses, Defendants were forced to reschedule their deposition of Plaintiff's Rule 30(b)(6) witness.

1   to provide four alternative dates for the depositions.  However, Plaintiff rejected each of the

2   proposed alternative dates.  The unreasonably broad scope of the depositions coupled with the

3   minimum notice creates an undue burden for these out-of-state Defendant corporations to

4   produce witnesses sufficiently knowledgeable of the numerous topics to be covered.  Defendants

5   aver that these depositions are solely an effort to annoy and harass.  If Plaintiff truly wanted  to

6   conduct discovery in this case, it would have served written discovery, and would not have

7   waited until the absolute last day to conduct depositions  – a deadline that was set pursuant to a

8   previous extension – and attempt to squeeze in three back-to-back-to-back depositions.

9   Plaintiff's bad-faith, last-ditch effort to conduct discovery should not be permitted to proceed.

10   **III.    CONCLUSION**

11          This Court should enter a protective order barring the noticed depositions from

12   proceeding, and precluding Plaintiff's unreasonable attempt to conduct a last-ditch fishing

13   expedition through an unreasonable breadth of topics.

14          DATED this 20 day of July, 2016.

15                                         Respectfully submitted by:

16                                         WRIGHT, FINLAY & ZAK, LLP

17

18

19                                         Dana Jonathan Nitz, Esq.
                                           Nevada Bar No. 00050
20                                         Sean N. Payne, Esq.
                                           Nevada Bar No. 13216
21                                         7785 W. Sahara Ave, Suite 200
                                           Las Vegas, NV 89117
22
23                                         *Attorneys for BONY, NDSC, and SPS*

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP and that service of the foregoing **EMERGENCY MOTION FOR PROTECTIVE ORDER RELATING TO THE RULE 30(B)(6) DEPOSITIONS NOTICED BY PLAINTIFF** was made on the 20th day of July, 2016, to all parties and counsel identified on the CM/ECF System via Electronic Notification.

    Jordan B Peel
    Rodney S. Woodbury
    Woodbury Law
    50 S. Stephanie Street
    Suite 201
    Henderson, NV 89012


    Ariel E. Stern
    Matthew I Knepper
    Akerman LLP
    1160 Town Center Drive
    Suite 330
    Las Vegas, NV 89144


          /s/ Faith K. Harris
          An Employee of WRIGHT, FINLAY & ZAK, LLP

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

1  Rodney S. Woodbury, Esq.
   Nevada Bar No. 7216
2  Jordan B. Peel, Esq.
   Nevada Bar No. 11678
3  **WOODBURY LAW**
   50 S. Stephanie Street, Suite 201
4  Henderson, Nevada 89012
   (702) 933-0777
5  (702) 933-0778
   rwoodbury@wmb-law.net
6  jpeel@wmb-law.net

7

8                  **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10  WOODBURY LAW, LTD., a Nevada          Case No.  2:15-cv-02247-APG-NJK
    professional corporation,
11
                    Plaintiff,
12
          vs.
13
    BANK OF AMERICA, NATIONAL          **NOTICE OF TAKING RULE 30(b)(6)**
14  ASSOCIATION, a national banking    **DEPOSITION OF DEFENDANT**
    association; BANK OF NEW YORK       **SELECT PORTFOLIO SERVICING,**
15  MELLON CORPORATION, a Delaware                   **INC.**
    corporation; BAC HOME LOANS
16  SERVICING, LP, a Texas limited     Date of Deposition: July 29, 2016
    partnership; THE CERTIFICATEHOLDERS
17  CWALT, INC. ALTERNATIVE LOAN       Time of Deposition: 9:00 a.m.
    TRUST 2005-59 MORTGAGE PASS-
18  THROUGH CERTIFICATES, SERIES
    2005-59, an entity; ALTERNATIVE LOAN
19  TRUST 2005-59 MORTGAGE PASS-
    THROUGH CERTIFICATES, SERIES
20  2005-59, an entity; NATIONAL DEFAULT
    SERVICING CORPORATION, an Arizona
21  corporation; SELECT PORTFOLIO
    SERVICING, INC., a Utah corporation;
22  ANDREW S. LAI, an individual; DOES 1-
    100; ROE ENTITIES 1-100.
23
                    Defendants.
24

25

26  **TO:**    **SELECT PORTFOLIO SERVICING, INC.**

27  **TO:**    **SEAN N. PAYNE, ESQ.**, *its attorney of record.*

28          PLEASE TAKE NOTICE that Plaintiff / Counterdefendant WOODBURY LAW shall take

**WOODBURY LAW**
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777✦ Fax (702) 933-0778

the deposition of Defendant SELECT PORTFOLIO SERVICING, INC. ("SELECT PORTFOLIO"), on **July 29, 2016 at 9:00 a.m.** in the offices of Woodbury Law, Ltd., 50 S. Stephanie Street, Suite 201, Henderson, Nevada 89012, upon oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure.

YOU ARE FURTHER NOTIFIED that the deposition shall be taken before a certified court reporter, notary public or other officer authorized to administer oaths by the State of Nevada at the place where the deposition is to beheld. The deposition will be recorded by stenographic means. You are invited to attend and to cross-examine.

YOU ARE FURTHER NOTIFIED that the deponent is not a natural person. Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are advised of SELECT PORTFOLIO's duty to designate one or more of its knowledgeable officers, directors, managing agents, commissioners, employers or other persons who consent to testify on its behalf concerning the subjects identified in this notice. SELECT PORTFOLIO shall designate one (1) or more persons to testify on its behalf who shall be expected to testify and provide full and competent testimony in the following areas of inquiry:

1.      The terms of the loan in the original principal amount of $999,950.00 (the "LOAN") which Andrew S. Lai ("LAI") purportedly obtained from Countrywide Home Loans, Inc. ("COUNTRYWIDE") on or about September 15, 2005;

2.      The promissory note LAI purportedly executed in favor of COUNTRYWIDE on or about September 15, 2005 in the original principal amount of $999,950.00 (the "NOTE");

3.      The deed of trust LAI purportedly executed in connection with the LOAN recorded on September 21, 2005 in Book No. 20050921, as Instrument No. 0002040 in the Official Records of the Recorder of Clark County, Nevada (the "DEED OF TRUST") against certain real property commonly known as 1999 Alcova Ridge Drive, Las Vegas, Nevada 89135, APN 164-02-220-007 (the "PROPERTY");

4.      Any other documents memorializing, evidencing, or pertaining to the  LOAN (together with the NOTE and DEED OF TRUST, collectively the "LOAN DOCUMENTS");

5.      Any other contract, agreement, notice, or document in any way pertaining to the

LOAN, LAI, or the PROPERTY;

6.      SELECT PORTFOLIO's interest, if any, in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY;

7.      The interest, if any, of any other individuals or entities (collectively "<u>PERSONS</u>"), including any of the other Defendants, in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, the identity of any investors therein;

8.      SELECT PORTFOLIO's past and present relationship with each of the other Defendants in connection with the LOAN, the LOAN DOCUMENTS, and/or the PROPERTY;

9.      The legal status of ALTERNATIVE LOAN TRUST 200559 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59 (the "<u>Trust</u>") and its relationship to and role in connection with the LOAN, any of the LOAN DOCUMENTS, and/or the PROPERTY;

10.     Negotiation, escrow, and closing of the LOAN and Defendant LAI's acquisition of the PROPERTY;

11.     Any purported assignment(s), conveyance(s), negotiation(s), or transfer(s) of any interest in the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-title and/or chain-of-authority in connection with the same, and compliance with Nevada Revised Statutes ("<u>NRS</u>") Chapter 104 and any other applicable laws in connection with the same;

12.     Any purported appointment(s), designation(s), substitution(s), or other engagement(s) of LOAN servicers, LOAN officers. LOAN brokers, trustees under the DEED OF TRUST, or any other agents or representatives in connection with the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-authority in connection with the same, and compliance with applicable laws in connection with the same;

13.     Past and current possession of the original NOTE and the chain-of-custody in connection with the same;

14.     SELECT PORTFOLIO's and its predecessors' investigation of LAI and other due diligence efforts in connection with the negotiation, making, and/or acquisition of any interest in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, background checks, public records searches, determination of debt-to-income and debt-

to-value ratios, and screening of LAI's financial ability to repay the LOAN;

15.     Compliance with applicable federal and state laws in connection with the LOAN;

16.     The making or failure to make required or permissive disclosures in connection with the LOAN, including, without limitation, information relating to real estate commissions, broker fees, HUD-1 settlement statements, good faith estimates, facts material to LAI's decision to accept or reject the LOAN, and other disclosures mandated or permitted by applicable laws or regulations;

17.     A full accounting of all payments made by LAI or any other PERSON in connection with the LOAN, including the dates thereof;

18.     A full accounting of all fees, costs, expenses, points, commissions, interest, and other charges assessed to LAI or any other PERSON in connection with the LOAN, including the dates thereof and any formulas used in the calculation of the same;

19.     A full accounting of all amounts credited to LAI or any other PERSON in connection with the LOAN, including the dates thereof;

20.     A full accounting of all services rendered in connection with the LOAN by SELECT PORTFOLIO or any other PERSON, including, without limitation, by the respective employees, agents, and/or representatives of SELECT PORTFOLIO and its predecessors-in-interest, successors-in-interest, subsidiaries, parent companies, or other affiliates;

21.     SELECT PORTFOLIO's policies, procedures, and customary practices, together with industry-standard policies, procedures, and customary practices in the financing and lending industries;

22.     Any additional or future advances made to LAI or any other PERSON in connection with the LOAN;

23.     The value of the PROPERTY and any equity therein at the time the LOAN was originally made and at any time thereafter, including at the time any additional or future advances were made;

24.     Attempts to exercise any power of sale under the DEED OF TRUST or to otherwise foreclose on the PROPERTY, including, without limitation, authorizations to proceed and other decision-making authority in connection with the same;

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ♦ Fax (702) 933-0778

25.    Any alleged assignment of rents or other claim to rents arising from the PROPERTY, including, without limitation, any authority for the same;

26.    Any and all notices of default and election to sell under the DEED OF TRUST, including, without limitation, the Notice of Default and Election to Sell under Deed of Trust recorded on October 30, 2014 in Book No. 20141030, as Instrument No. 0003348 in the Official Records of the Recorder of Clark County, Nevada;

27.    Any and all notices of trustee's sale pertaining to the PROPERTY, including, without limitation, the Notice of Trustee's Sale recorded on February 5, 2015 in Book No. 20150205, as Instrument No. 0000157 of the Official Records of the Recorder of Clark County, Nevada and the Notice of Trustee's Sale recorded on July 24, 2015 in Book No. 20150724, as Instrument No. 0000495 of the Official Records of the Recorder of Clark County, Nevada;

28.    Any and all attempted or scheduled trustee's sales or auctions of the PROPERTY, together with any postponements or reschedulings thereof, including, without limitation, those scheduled on March 3, 2015, April 6, 2015, April 15, 2015, and August 19, 2015;

29.    Any unpaid LOAN balances alleged in any notices of default, notices of sale, payoff statements, payment histories, or any other notices, accountings, or documents;

30.    Written and verbal responses to Plaintiff's and any other PERSON's requests for an accounting of alleged LOAN balances, charges, payments, or credits and/or for validation or verification of the debt alleged to be due and owing, including, without limitation, payoff statements, payment histories, and any other accountings provided;

31.    Policies, procedures, and/or practices followed to validate, verify, and account for the alleged debt and LOAN balances, including, without limitation, charges, payments, and credits.

32.    Facts and other evidence supporting SELECT PORTFOLIO's affirmative defenses and any other defenses to Plaintiff's claims in the instant action;

33.    The meaning of abbreviations and accounting codes listed on payoff statements, payment histories, and other accountings provided in connection with the LOAN, together with any interpretive keys therefor;

34.    Inconsistencies in the LOAN balances alleged to be due and owing over time;

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ♦ Fax (702) 933-0778

35.     Any communications with LAI, the other Defendants, Plaintiff, or any other PERSON related to or in connection with the LOAN, the LOAN DOCUMENTS, or the PROPERTY; and

36.     Any other matters related to or arising out of the LOAN, the LOAN DOCUMENTS, the PROPERTY, or the instant action.

DATED this 13th day of July, 2016.

WOODBURY LAW

*/s/ Rodney S. Woodbury*

Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
*Attorneys for Plaintiff*

### RECEIPT OF COPY

The undersigned hereby acknowledges receipt of the foregoing **NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.** on behalf of Wright, Finlay, & Zak, LLP on the date set forth below.

**Wright, Finlay, & Zak, LLP**

By: _M. Res_____

Name: _MARISSA RESNICK_____

Title: _ADMIN ASST._____

Date: July 13, 2016

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
**WOODBURY LAW**
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777
(702) 933-0778
rwoodbury@wmb-law.net
jpeel@wmb-law.net

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| WOODBURY LAW, LTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking association; BANK OF NEW YORK MELLON CORPORATION, a Delaware corporation; BAC HOME LOANS SERVICING, LP, a Texas limited partnership; THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; SELECT PORTFOLIO SERVICING, INC., a Utah corporation; ANDREW S. LAI, an individual; DOES 1-100; ROE ENTITIES 1-100.<br><br>Defendants. | Case No.  2:15-cv-02247-APG-NJK<br><br><br>**NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT NATIONAL DEFAULT SERVICING CORPORATION**<br><br>Date of Deposition: July 29, 2016<br><br>Time of Deposition: 10:30 a.m. |
| --- | --- |

**TO:   NATIONAL DEFAULT SERVICING CORPORATION**

**TO:   SEAN N. PAYNE, ESQ.,** *its attorney of record.*

PLEASE TAKE NOTICE that Plaintiff / Counterdefendant WOODBURY LAW shall take

the deposition of Defendant NATIONAL DEFAULT SERVICING CORPORATION ("NDSC"), on **July 29, 2016 at 10:30 a.m.** in the offices of Woodbury Law, Ltd., 50 S. Stephanie Street, Suite 201, Henderson, Nevada 89012, upon oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure.

YOU ARE FURTHER NOTIFIED that the deposition shall be taken before a certified court reporter, notary public or other officer authorized to administer oaths by the State of Nevada at the place where the deposition is to be held. The deposition will be recorded by stenographic means. You are invited to attend and to cross-examine.

YOU ARE FURTHER NOTIFIED that the deponent is not a natural person. Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are advised of NDSC's duty to designate one or more of its knowledgeable officers, directors, managing agents, commissioners, employers or other persons who consent to testify on its behalf concerning the subjects identified in this notice. NDSC shall designate one (1) or more persons to testify on its behalf who shall be expected to testify and provide full and competent testimony in the following areas of inquiry:

1.      The terms of the loan in the original principal amount of $999,950.00 (the "LOAN") which Andrew S. Lai ("LAI") purportedly obtained from Countrywide Home Loans, Inc. ("COUNTRYWIDE") on or about September 15, 2005;

2.      The promissory note LAI purportedly executed in favor of COUNTRYWIDE on or about September 15, 2005 in the original principal amount of $999,950.00 (the "NOTE");

3.      The deed of trust LAI purportedly executed in connection with the LOAN recorded on September 21, 2005 in Book No. 20050921, as Instrument No. 0002040 in the Official Records of the Recorder of Clark County, Nevada (the "DEED OF TRUST") against certain real property commonly known as 1999 Alcova Ridge Drive, Las Vegas, Nevada 89135, APN 164-02-220-007 (the "PROPERTY");

4.      Any other documents memorializing, evidencing, or pertaining to the  LOAN (together with the NOTE and DEED OF TRUST, collectively the "LOAN DOCUMENTS");

5.      Any other contract, agreement, notice, or document in any way pertaining to the LOAN, LAI, or the PROPERTY;

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ♦ Fax (702) 933-0778

6.      NDSC's interest, if any, in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY;

7.      The interest, if any, of any other individuals or entities (collectively "PERSONS"), including any of the other Defendants, in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, the identity of any investors therein;

8.      NDSC's past and present relationship with each of the other Defendants in connection with the LOAN, the LOAN DOCUMENTS, and/or the PROPERTY;

9.      The legal status of ALTERNATIVE LOAN TRUST 200559 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59 (the "Trust") and its relationship to and role in connection with the LOAN, any of the LOAN DOCUMENTS, and/or the PROPERTY;

10.     Negotiation, escrow, and closing of the LOAN and Defendant LAI's acquisition of the PROPERTY;

11.     Any purported assignment(s), conveyance(s), negotiation(s), or transfer(s) of any interest in the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-title and/or chain-of-authority in connection with the same, and compliance with Nevada Revised Statutes ("NRS") Chapter 104 and any other applicable laws in connection with the same;

12.     Any purported appointment(s), designation(s), substitution(s), or other engagement(s) of LOAN servicers, LOAN officers. LOAN brokers, trustees under the DEED OF TRUST, or any other agents or representatives in connection with the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-authority in connection with the same, and compliance with applicable laws in connection with the same;

13.     Past and current possession of the original NOTE and the chain-of-custody in connection with the same;

14.     NDSC's and its predecessors' investigation of LAI and other due diligence efforts in connection with the negotiation, making, and/or acquisition of any interest in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, background checks, public records searches, determination of debt-to-income and debt-to-value ratios, and screening of LAI's financial ability to repay the LOAN;

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ♦ Fax (702) 933-0778

15.     Compliance with applicable federal and state laws in connection with the LOAN;

16.     The making or failure to make required or permissive disclosures in connection with the LOAN, including, without limitation, information relating to real estate commissions, broker fees, HUD-1 settlement statements, good faith estimates, facts material to LAI's decision to accept or reject the LOAN, and other disclosures mandated or permitted by applicable laws or regulations;

17.     A full accounting of all payments made by LAI or any other PERSON in connection with the LOAN, including the dates thereof;

18.     A full accounting of all fees, costs, expenses, points, commissions, interest, and other charges assessed to LAI or any other PERSON in connection with the LOAN, including the dates thereof and any formulas used in the calculation of the same;

19.     A full accounting of all amounts credited to LAI or any other PERSON in connection with the LOAN, including the dates thereof;

20.     A full accounting of all services rendered in connection with the LOAN by NDSC or any other PERSON, including, without limitation, by the respective employees, agents, and/or representatives of NDSC and its predecessors-in-interest, successors-in-interest, subsidiaries, parent companies, or other affiliates;

21.     NDSC's policies, procedures, and customary practices, together with industry-standard policies, procedures, and customary practices in the financing and lending industries;

22.     Any additional or future advances made to LAI or any other PERSON in connection with the LOAN;

23.     The value of the PROPERTY and any equity therein at the time the LOAN was originally made and at any time thereafter, including at the time any additional or future advances were made;

24.     Attempts to exercise any power of sale under the DEED OF TRUST or to otherwise foreclose on the PROPERTY, including, without limitation, authorizations to proceed and other decision-making authority in connection with the same;

25.     Any alleged assignment of rents or other claim to rents arising from the PROPERTY, including, without limitation, any authority for the same;

Page 4 of 6

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ♦ Fax (702) 933-0778

26.    Any and all notices of default and election to sell under the DEED OF TRUST, including, without limitation, the Notice of Default and Election to Sell under Deed of Trust recorded on October 30, 2014 in Book No. 20141030, as Instrument No. 0003348 in the Official Records of the Recorder of Clark County, Nevada;

27.    Any and all notices of trustee's sale pertaining to the PROPERTY, including, without limitation, the Notice of Trustee's Sale recorded on February 5, 2015 in Book No. 20150205, as Instrument No. 0000157 of the Official Records of the Recorder of Clark County, Nevada and the Notice of Trustee's Sale recorded on July 24, 2015 in Book No. 20150724, as Instrument No. 0000495 of the Official Records of the Recorder of Clark County, Nevada;

28.    Any and all attempted or scheduled trustee's sales or auctions of the PROPERTY, together with any postponements or reschedulings thereof, including, without limitation, those scheduled on March 3, 2015, April 6, 2015, April 15, 2015, and August 19, 2015;

29.    Any unpaid LOAN balances alleged in any notices of default, notices of sale, payoff statements, payment histories, or any other notices, accountings, or documents;

30.    Written and verbal responses to Plaintiff's and any other PERSON's requests for an accounting of alleged LOAN balances, charges, payments, or credits and/or for validation or verification of the debt alleged to be due and owing, including, without limitation, payoff statements, payment histories, and any other accountings provided;

31.    Policies, procedures, and/or practices followed to validate, verify, and account for the alleged debt and LOAN balances, including, without limitation, charges, payments, and credits.

32.    Facts and other evidence supporting NDSC's affirmative defenses and any other defenses to Plaintiff's claims in the instant action;

33.    The meaning of abbreviations and accounting codes listed on payoff statements, payment histories, and other accountings provided in connection with the LOAN, together with any interpretive keys therefor;

34.    Inconsistencies in the LOAN balances alleged to be due and owing over time;

35.    Any communications with LAI, the other Defendants, Plaintiff, or any other PERSON related to or in connection with the LOAN, the LOAN DOCUMENTS, or the

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777♦ Fax (702) 933-0778

PROPERTY; and

36.     Any other matters related to or arising out of the LOAN, the LOAN DOCUMENTS, the PROPERTY, or the instant action.

DATED this 13th day of July, 2016.

**WOODBURY LAW**

*/s/ Rodney S. Woodbury*

Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
*Attorneys for Plaintiff*

**RECEIPT OF COPY**

The undersigned hereby acknowledges receipt of the foregoing **NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT NATIONAL DEFAULT SERVICING CORPORATION** on behalf of Wright, Finlay, & Zak, LLP on the date set forth below.

**Wright, Finlay, & Zak, LLP**

By: _M Res_____

Name: _MARISSA RESNICK_____

Title: _ADMIN ASST._____

Date: July 13, 2016

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ✦ Fax (702) 933-0778

# **EXHIBIT C**

# **EXHIBIT C**

# **EXHIBIT C**

1   Rodney S. Woodbury, Esq.
    Nevada Bar No. 7216
2   Jordan B. Peel, Esq.
    Nevada Bar No. 11678
3   **WOODBURY LAW**
    50 S. Stephanie Street, Suite 201
4   Henderson, Nevada 89012
    (702) 933-0777
5   (702) 933-0778
    rwoodbury@wmb-law.net
6   jpeel@wmb-law.net

7
                    **UNITED STATES DISTRICT COURT**
8
                          **DISTRICT OF NEVADA**
9

10  WOODBURY LAW, LTD., a Nevada          Case No.  2:15-cv-02247-APG-NJK
    professional corporation,
11
                    Plaintiff,
12
          vs.
13
    BANK OF AMERICA, NATIONAL             **NOTICE OF TAKING RULE 30(b)(6)**
14  ASSOCIATION, a national banking       **DEPOSITION OF DEFENDANT BANK**
    association; BANK OF NEW YORK         **OF NEW YORK MELON, fka THE**
15  MELLON CORPORATION, a Delaware        **BANK OF NEW YORK, AS TRUSTEE,**
    corporation; BAC HOME LOANS           **ON BEHALF OF THE HOLDERS OF**
16  SERVICING, LP, a Texas limited        **THE ALTERNATE LOAN TRUST**
    partnership; THE CERTIFICATEHOLDERS   **200559, MORTGAGE PASS-THROUGH**
17  CWALT, INC. ALTERNATIVE LOAN          **CERTIFICATES, SERIES 2005-59**
    TRUST 2005-59 MORTGAGE PASS-
18  THROUGH CERTIFICATES, SERIES
    2005-59, an entity; ALTERNATIVE LOAN  Date of Deposition: July 29, 2016
19  TRUST 2005-59 MORTGAGE PASS-          Time of Deposition: 1:00 p.m.
    THROUGH CERTIFICATES, SERIES
20  2005-59, an entity; NATIONAL DEFAULT
    SERVICING CORPORATION, an Arizona
21  corporation; SELECT PORTFOLIO
    SERVICING, INC., a Utah corporation;
22  ANDREW S. LAI, an individual; DOES 1-
    100; ROE ENTITIES 1-100.
23
                    Defendants.
24

25

26  **TO:    BANK OF NEW YORK MELON, fka THE BANK OF NEW YORK, AS**
            **TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATE LOAN**
27          **TRUST 200559, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES**
            **2005-59**
28

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777★ Fax (702) 933-0778

TO:    SEAN N. PAYNE, ESQ., its attorney of record.

PLEASE TAKE NOTICE that Plaintiff / Counterdefendant WOODBURY LAW shall take the deposition of Defendant BANK OF NEW YORK MELON, fka THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATE LOAN TRUST 20059, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59 ("BONY"), on **July 29, 2016 at 1:00 p.m.** in the offices of Woodbury Law, Ltd., 50 S. Stephanie Street, Suite 201, Henderson, Nevada 89012, upon oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure.

YOU ARE FURTHER NOTIFIED that the deposition shall be taken before a certified court reporter, notary public or other officer authorized to administer oaths by the State of Nevada at the place where the deposition is to beheld. The deposition will be recorded by stenographic means. You are invited to attend and to cross-examine.

YOU ARE FURTHER NOTIFIED that the deponent is not a natural person. Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are advised of Defendant's duty to designate one or more of its knowledgeable officers, directors, managing agents, commissioners, employers or other persons who consent to testify on its behalf concerning the subjects identified in this notice. Defendant shall designate one (1) or more persons to testify on its behalf who shall be expected to testify and provide full and competent testimony in the following areas of inquiry:

1.    The terms of the loan in the original principal amount of $999,950.00 (the "LOAN") which Andrew S. Lai ("LAI") purportedly obtained from Countrywide Home Loans, Inc. ("COUNTRYWIDE") on or about September 15, 2005;

2.    The promissory note LAI purportedly executed in favor of COUNTRYWIDE on or about September 15, 2005 in the original principal amount of $999,950.00 (the "NOTE");

3.    The deed of trust LAI purportedly executed in connection with the LOAN recorded on September 21, 2005 in Book No. 20050921, as Instrument No. 0002040 in the Official Records of the Recorder of Clark County, Nevada (the "DEED OF TRUST") against certain real property commonly known as 1999 Alcova Ridge Drive, Las Vegas, Nevada 89135, APN 164-02-220-007 (the "PROPERTY");

4.    Any other documents memorializing, evidencing, or pertaining to the   LOAN

(together with the NOTE and DEED OF TRUST, collectively the "<u>LOAN DOCUMENTS</u>");

5.      Any other contract, agreement, notice, or document in any way pertaining to the LOAN, LAI, or the PROPERTY;

6.      BONY's interest in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY;

7.      The interest, if any, of any other individuals or entities (collectively "<u>PERSONS</u>"), including any of the other Defendants, in the LOAN, in any of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, the identity of any investors therein;

8.      BONY's past and present relationship with each of the other Defendants in connection with the LOAN, the LOAN DOCUMENTS, and/or the PROPERTY;

9.      The legal status of ALTERNATIVE LOAN TRUST 200559 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59 (the "<u>Trust</u>") and its relationship to and role in connection with the LOAN, any of the LOAN DOCUMENTS, and/or the PROPERTY;

10.     Negotiation, escrow, and closing of the LOAN and Defendant LAI's acquisition of the PROPERTY;

11.     Any purported assignment(s), conveyance(s), negotiation(s), or transfer(s) of any interest in the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-title and/or chain-of-authority in connection with the same, and compliance with Nevada Revised Statutes ("<u>NRS</u>") Chapter 104 and any other applicable laws in connection with the same;

12.     Any purported appointment(s), designation(s), substitution(s), or other engagement(s) of LOAN servicers, LOAN officers. LOAN brokers, trustees under the DEED OF TRUST, or any other agents or representatives in connection with the LOAN or any of the LOAN DOCUMENTS, the authority for doing so, the chain-of-authority in connection with the same, and compliance with applicable laws in connection with the same;

13.     Past and current possession of the original NOTE and the chain-of-custody in connection with the same;

14.     BONY's and its predecessors' investigation of LAI and other due diligence efforts in connection with the negotiation, making, and/or acquisition of any interest in the LOAN, in any

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777 ✦ Fax (702) 933-0778

of the LOAN DOCUMENTS, and/or in the PROPERTY, including, without limitation, background checks, public records searches, determination of debt-to-income and debt-to-value ratios, and screening of LAI's financial ability to repay the LOAN;

15.     Compliance with applicable federal and state laws in connection with the LOAN;

16.     The making or failure to make required or permissive disclosures in connection with the LOAN, including, without limitation, information relating to real estate commissions, broker fees, HUD-1 settlement statements, good faith estimates, facts material to LAI's decision to accept or reject the LOAN, and other disclosures mandated or permitted by applicable laws or regulations;

17.     A full accounting of all payments made by LAI or any other PERSON in connection with the LOAN, including the dates thereof;

18.     A full accounting of all fees, costs, expenses, points, commissions, interest, and other charges assessed to LAI or any other PERSON in connection with the LOAN, including the dates thereof and any formulas used in the calculation of the same;

19.     A full accounting of all amounts credited to LAI or any other PERSON in connection with the LOAN, including the dates thereof;

20.     A full accounting of all services rendered in connection with the LOAN by BONY or any other PERSON, including, without limitation, by the respective employees, agents, and/or representatives of BONY and its predecessors-in-interest, successors-in-interest, subsidiaries, parent companies, or other affiliates;

21.     BONY's policies, procedures, and customary practices, together with industry-standard policies, procedures, and customary practices in the financing and lending industries;

22.     Any additional or future advances made to LAI or any other PERSON in connection with the LOAN;

23.     The value of the PROPERTY and any equity therein at the time the LOAN was originally made and at any time thereafter, including at the time any additional or future advances were made;

24.     Attempts to exercise any power of sale under the DEED OF TRUST or to otherwise foreclose on the PROPERTY, including, without limitation, authorizations to proceed and other

1    decision-making authority in connection with the same;

2        25.    Any alleged assignment of rents or other claim to rents arising from the
3    PROPERTY, including, without limitation, any authority for the same;

4        26.    Any and all notices of default and election to sell under the DEED OF TRUST,
5    including, without limitation, the Notice of Default and Election to Sell under Deed of Trust
6    recorded on October 30, 2014 in Book No. 20141030, as Instrument No. 0003348 in the Official
7    Records of the Recorder of Clark County, Nevada;

8        27.    Any and all notices of trustee's sale pertaining to the PROPERTY, including,
9    without limitation, the Notice of Trustee's Sale recorded on February 5, 2015 in Book No.
10   20150205, as Instrument No. 0000157 of the Official Records of the Recorder of Clark County,
11   Nevada and the Notice of Trustee's Sale recorded on July 24, 2015 in Book No. 20150724, as
12   Instrument No. 0000495 of the Official Records of the Recorder of Clark County, Nevada;

13       28.    Any and all attempted or scheduled trustee's sales or auctions of the PROPERTY,
14   together with any postponements or reschedulings thereof, including, without limitation, those
15   scheduled on March 3, 2015, April 6, 2015, April 15, 2015, and August 19, 2015;

16       29.    Any unpaid LOAN balances alleged in any notices of default, notices of sale, payoff
17   statements, payment histories, or any other notices, accountings, or documents;

18       30.    Written and verbal responses to Plaintiff's and any other PERSON's requests for
19   an accounting of alleged LOAN balances, charges, payments, or credits and/or for validation or
20   verification of the debt alleged to be due and owing, including, without limitation, payoff
21   statements, payment histories, and any other accountings provided;

22       31.    Policies, procedures, and/or practices followed to validate, verify, and account for
23   the alleged debt and LOAN balances, including, without limitation, charges, payments, and credits.

24       32.    Facts and other evidence supporting BONY's counterclaims in the instant action;

25       33.    Facts and other evidence supporting BONY's affirmative defenses and any other
26   defenses to Plaintiff's claims in the instant action;

27       34.    The meaning of abbreviations and accounting codes listed on payoff statements,
28   payment histories, and other accountings provided in connection with the LOAN, together with any

WOODBURY LAW
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
(702) 933-0777♦ Fax (702) 933-0778

interpretive keys therefor;

35.     Inconsistencies in the LOAN balances alleged to be due and owing over time;

36.     Any communications with LAI, the other Defendants, Plaintiff, or any other PERSON related to or in connection with the LOAN, the LOAN DOCUMENTS, or the PROPERTY; and

37.     Any other matters related to or arising out of the LOAN, the LOAN DOCUMENTS, the PROPERTY, or the instant action.

DATED this 13th day of July, 2016.

WOODBURY LAW

*/s/ Rodney S. Woodbury*

Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Jordan B. Peel, Esq.
Nevada Bar No. 11678
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
*Attorneys for Plaintiff*

## RECEIPT OF COPY

The undersigned hereby acknowledges receipt of the foregoing **NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT BANK OF NEW YORK MELON, fka THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATE LOAN TRUST 200559, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59** on behalf of Wright, Finlay, & Zak, LLP on the date set forth below.

**Wright, Finlay, & Zak, LLP**

By: _____ *m Res* _____

Name: _____ MARISSA RESNICK _____

Title: _____ ADMIN ASST. _____

Date:  July 13, 2016