UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WOODBURY LAW, LTD., ) | Case No. 2:15-cv-02247-APG-NJK |
| Plaintiff(s), ) | ORDER |
| vs. ) | |
| ) | (Docket No. 48) |
| BANK OF AMERICA, NATIONAL ) ASSOCIATION, et al., ) | |
| Defendant(s). ) | |

    Pending before the Court is Defendants' motion for protective order, filed on an emergency basis. Docket No. 48. The legal argument in support of the motion consists of roughly one page of argument devoid of citation to any case law or meaningful development of legal argument. *See id.* at 7-8. The gist of the dispute appears to be that Defendants were unhappy with receiving 16 days' notice of the disputed Rule 30(b)(6) depositions and that the parties have been unable to coordinate their schedules to conduct the depositions prior to the expiration of the discovery cutoff. *See id.*; *see also id.* at 4-5 (outlining scheduling issues). The Court reminds counsel that they should seek court intervention regarding discovery disputes "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. Oct. 16, 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). Counsel should be especially hesitant to seek that intervention on an emergency basis given the disfavored nature of such a motion and the numerous problems they create. *See, e.g., id.* at 1140.

The instant dispute should be resolved by counsel.  As an initial matter, the Court notes that 16 days' notice is generally viewed as more than sufficient notice of a deposition.  *See, e.g.*, *Paige v. Consumer Programs Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (finding 14-days notice sufficient); *see also In re Stratosphere Corp. Securities Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) ("at least 10 days' notice is customarily expected").  The scant legal argument in the pending motion fails to persuade the Court that sufficient notice was not provided in this case.  *Cf. Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004) (parties seeking a protective order have a "heavy burden" to satisfy, citing *Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975)).[1]  Moreover, counsel should not require court intervention to resolve their scheduling conflicts to conduct depositions.  To the extent the parties are truly unable to conduct these depositions within the discovery period, they should determine the earliest available date for them to proceed and should file a stipulation to extend the discovery period accordingly for the limited purpose of conducting these depositions.

In light of the above, the motion for protective order is hereby **DENIED**.  Counsel are ordered to meet and confer on mutually agreement dates for the disputed depositions and, to the extent those depositions cannot be conducted within the discovery period, to file a stipulation for a limited extension of the discovery period for the purpose of completing these depositions.

IT IS SO ORDERED.

DATED: July 20, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Indeed, significantly undercutting any such argument is the fact that Defendants' counsel offered to have the depositions held at earlier dates that would have reduced the amount of notice to as little as six days.  *See, e.g.*, Docket No. 48 at 6.