Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
**WOODBURY LAW**
50 S. Stephanie Street, Suite 201
Henderson, Nevada 89012
Telephone (702) 933-0777
Facsimile (702) 933-0778
rod@woodbury-law.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WOODBURY LAW, LTD., a Nevada professional corporation, | Case No. 2:15-cv-02247 |
| Plaintiff, | |
| vs. | **STATUS REPORT** |
| BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking association; BANK OF NEW YORK MELLON CORPORATION, a Delaware corporation; BAC HOME LOANS SERVICING, LP, a Texas limited partnership; THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; ALTERNATIVE LOAN TRUST 2005-59 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59, an entity; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; SELECT PORTFOLIO SERVICING, INC., a Utah corporation; ANDREW S. LAI, an individual; DOES 1-100; ROE ENTITIES 1-100. | |
| Defendants. | |

Pursuant to the Court's Order for Status Report dated June 30, 2017 (ECF No. 62), Plaintiff WOODBURY LAW, LTD. ("Plaintiff"), by and through its undersigned counsel, hereby files this report regarding Plaintiff and Defendants BANK OF NEW YORK MELON, fka THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATE LOAN TRUST 20059, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-59 (erroneously

named as Bank of New York Mellon Corporation, a Delaware Corporation  and The Certificateholders CWALT, Inc. Alternative Loan Trust 2005-59 Mortgage Pass-Through Certificates, Series, 2005-59, an entity), NATIONAL DEFAULT SERVICING CORPORATION, and SELECT PORTFOLIO SERVICING, INC.'s (collectively, "Defendants") efforts to resolve their respective claims and counterclaims against each other through settlement.

Plaintiff and Defendants filed their Notice of Settlement on August 8, 2016 (ECF No. 50). Plaintiff and Defendants have since been negotiating the terms of their settlement in good faith. After exchanging multiple drafts, Plaintiff and Defendants agreed on the form and content of their settlement agreement and release of all claims in or about March 2017.  Accordingly, Plaintiff signed and forwarded its counterpart of the settlement agreement to Defendants' counsel on or about March 17, 2017 and advised the Court that Defendants and their counsel would require additional time to obtain final corporate approvals and signatures. (*See* ECF No. 56.)

Unfortunately, over the ensuing weeks, Defendants were unable to secure corporate approvals and, at the insistence of their new loan servicer, ultimately requested additional revisions to the settlement and release language.  On or about June 14, 2017, Plaintiff and Defendants' counsel appeared to have reached agreement again on mutually acceptable revisions, and Plaintiff thereupon signed the revised settlement and release agreement.  However, Defendants' counsel then requested that Plaintiff hold off on delivery of the same while, upon information and belief, Defendants' counsel sought to obtain final corporate approvals and signatures.  (*See* ECF No. 60.)

On or about July 20, 2017, Defendants' counsel notified Plaintiff that Defendants had, in fact, approved the revised settlement and release agreement and that they were in the process of securing signatures from the remaining Defendants.  However, on or about August 2, 2017, Defendants' counsel informed Plaintiff that one of the Defendants had asked them to clarify who would be making the settlement payment.  Consequently, Defendants' counsel requested that Plaintiff hold off on delivering its signed counterpart of the settlement agreement and indicated that yet another revised version would shortly be provided reflecting precisely who would be making payment.

Therefore, the parties must once more respectfully request additional time to consummate

their settlement and dismiss the instant action. After a revised settlement agreement is circulated by Defendants' counsel and approved and signed by all parties, and after the settlement consideration is paid, the parties will file with the Court all documents necessary to dismiss their respective claims against each other.

Accordingly, Plaintiff respectfully requests additional time for these settlement steps to occur.

DATED this 18th day of August, 2017.

*/s/ Rodney S. Woodbury*

_____
Rodney S. Woodbury, Esq.
WOODBURY LAW, LTD.
50 S. Stephanie Street, Suite 201
Henderson, NV 89012
*Attorneys for Plaintiff*